UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br>            Plaintiff,<br><br>     v.<br><br>KATHLEEN ALLISON,<br><br>            Defendant. | Case No.  1:22-cv-00763-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 3) |

Pending before the Court is Plaintiff's motion to appoint counsel. (Doc. No. 3). Plaintiff, who is a prisoner and has a civil rights complaint pending, argues that the Court should appoint her counsel because she is incarcerated and indigent. (*Id*.).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted). However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if

exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved. *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met her "burden of demonstrating exceptional circumstances*." Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014). Although Plaintiff is proceeding *pro se* and is incarcerated, she faces the same obstacles all *pro se* prisoners face. Challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel. *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020). Additionally, Plaintiff's indigence does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).

While the procedural posture of this case is still in its infancy, Plaintiff has demonstrated she can capably file a motion and a complaint. Plaintiff has not shown exceptional circumstances to warrant appointment of counsel at this stage of the proceedings. Should this case progress and Plaintiff's circumstances change so that she is able to demonstrate exceptional circumstances, she may renew his motion for appointment at counsel at that time.

ACCORDINGLY, it is ORDERED:

Plaintiff's motion to appoint counsel (Doc. No. 3) is DENIED.

Dated:   June 29, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE