UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHANTELL GOSZTYLA, | Case No. 1:22-cv-00763-HBK (PC) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION[1] |
| v. | |
| KATHLEEN ALLISON, | ORDER TO CLERK TO ASSIGN A DISTRICT COURT JUDGE |
| Defendant. | FOURTEEN-DAY OBJECTION PERIOD |
| | (Doc. Nos. 8) |

## I. BACKGROUND AND FACTS

Pending before the Court is Plaintiff's motion for a preliminary injunction filed on October 25, 2022. (Doc. No. 8). For the reasons set forth below, the undersigned recommends the district court deny the motion.

**A. Allegations in Complaint**

Plaintiff Chantell Gosztyla initiated this action as a state prisoner proceeding pro se and *in forma pauperis* by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1, "Complaint"). The Complaint identifies only one Defendant, Kathleen Allison, who is the

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Secretary of the California Department of Corrections and Rehabilitation. As more fully described below, the Complaint alleges a Fifth Amendment violation stemming from CDCR's decision to switch technology contract providers which results in inmates having to return media devices ("JPay tablets") they previously purchased. (Doc. No. 1).

### B. Preliminary Injunction Motion

Plaintiff's motion for a preliminary injunction consists of only two pages. (Doc. No. 8). It directs the Defendant to show cause why a permanent injunction should not issue and directs the Defendant, and all those acting under her orders, from confiscating JPay tablets. (*Id*. at 1). Notably, Plaintiff's motion is more akin to a proposed order for the Court to sign than a motion setting forth the requisite facts and elements necessary to obtain preliminary injunctive relief.

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. A preliminary injunctive requires "notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A temporary restraining order may be issued "without notice" only if "specific facts in an affidavit or a verified complaint clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating, "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders and preliminary injunctions are governed by the same standard, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. Local Rule 231(a)-(b) (E.D. Cal. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*,

415 U.S. 423, 439 (1974).  Both preliminary injunctions and temporary restraining orders require briefs on the relevant issues, affidavits, and proposed order for a bond.  L.R. 230.

Because a temporary restraining order or preliminary injunction is "an extraordinary remedy," it may be issued only if the moving party establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The moving party bears the burden of clearly satisfying all four prongs.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  A TRO will not issue if the moving party merely shows irreparable harm is possible – a showing of likelihood is required.  *Id.* at 1131.  The Ninth Circuit also has a second test, holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.  *Zepeda v. U.S. Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925 F.2d at 1470 (9th Cir. 1991) (noting same).

The injunctive relief an applicant requests must relate to the claims brought in the complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant Plaintiff any relief.  *Id.* at 636.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit has observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates,

3

and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). Further, state governments have "traditionally been granted the widest latitude in the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations omitted). This deference applies even more strongly when the court is asked to involve itself in the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v. Conner*, 515 U.S. 472, 482-83 (1995).

### III. DISCUSSION

Based on the foregoing, the undersigned finds Plaintiff's motion facially deficient and otherwise lacking merit to warrant issuance of injunctive relief. At the outset, although Plaintiff moves for a preliminary injunction, she does not certify that notice was given to Defendant. Nor, to the extent she seeks a temporary restraining order, does she certify in writing the efforts, if any, which he made to give notice and reasons supporting why notice should not be required. Fed. R. Civ. P. 65(b). Further, Plaintiff fails to address any of the four factors necessary to warrant an issuance of a preliminary injunction or temporary restraining order. Thus, facially, the motion is deficient.

Nonetheless, in applying the four factors, significant here is Plaintiff's inability to show that she is likely to suffer irreparable harm or is likely to prevail on the merits of the Complaint. Plaintiff states she purchased, pursuant to a contract California Department of Corrections and Rehabilitation ("CDCR") had with JPay, a digital media tablet sometime in 2017. (Doc. No. 1 at 5). In 2021, CDCR entered into a new contract with Global Tel Link, now known as ViaPath Technology, that operated on a different device other than JPay. (*Id*. at 6). CDCR then took away the JPay tablet from prisoners, including Plaintiff, because CDCR policy permits only one

1 media device. (*Id*. at 6-7). Plaintiff complains that she was not compensated for the JPay tablet
2 CDCR took away nor compensated for any media she purchased on the JPay tablet. (*Id*. at 7).

3       Plaintiff has not shown she is likely to suffer irreparable harm to warrant the extraordinary
4 exercise of immediate injunctive relief to direct where the CDCR houses Plaintiff.  Although
5 Plaintiff wants her JPay tablet either returned or to be financially compensated for the tablet, she
6 has not demonstrated any irreparable harm if the Court does grant her injunctive relief.  (*See* Doc.
7 No. 1 at 8; *see generally* Doc. No. 8).  "An irreparable harm is one that cannot be redressed by a
8 legal or equitable remedy following trial. *AAA Alarm & Sec. v. A3 Smart Home LP*, 2021 WL
9 3857417, *8 (D. Ariz. Aug. 30, 2021) (citing *Public Util. Comm'n v. FERC*, 814 F.2d 560, 562
10 (9th Cir. 1987)).  "Mere financial injury does not constitute irreparable harm if adequate
11 compensatory relief will be available in the course of litigation." *Id*. (citing *Sampson v. Murray*,
12 415 U.S. 61, 90 (1974)).  There are equitable legal remedies available to Plaintiff if she is
13 successful in litigating her Complaint including adequate compensatory relief.  As a result,
14 Plaintiff will not suffer irreparable harm if her request for a preliminary injunction and temporary
15 restraining order are denied.

16       Further,  as noted in the Court's screening order (Doc. No. 9), Plaintiff is unlikely to
17 prevail on her Fifth Amendment claim.  "[A] negligent or intentional deprivation of a prisoner's
18 property fails to state a claim under section 1983 if the state has an adequate post deprivation
19 remedy."  *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).  California has an adequate post-
20 deprivation remedy, *see* Cal. Gov't Code §§ 810, *et seq.*, so no claim under §1983 exists.

21       Moreover, Plaintiff's request for a preliminary injunction and temporary restraining order
22 runs afoul of the PLRA.  Plaintiff is requesting Defendant, who is the Secretary of CDCR, be
23 restrained from seizing JPay tablets from *all inmates* in CDCR custody and that such an order be
24 applied to *every* CDCR staff member.  Such a request is not narrowly drawn but is broad relief
25 the PLRA and courts have eliminated.  *See* 18 U.S.C. § 36265(a)(2); *Villery*, 2016 WL 70326 at
26 *3; *Gilmore*, 220 F.3d 987 at 998-99.

27       Finally, this Court must have personal jurisdiction over the parties to be enjoined.  The
28 Court may not enjoin defendants not yet served or before the Court.  *Zepeda*, 753 F.2d 719, 727

(9th Cir. 1983). Here, Defendant has not received service of process. Thus, the Court lacks personal jurisdiction over the Defendant.

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign a district judge to the case.

It is further **RECOMMENDED**:

Plaintiff's motion for a preliminary injunction (Doc. Nos. 8) be DENIED.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case under the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 27, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE