UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br>            Plaintiff,<br><br>      v.<br><br>KATHLEEN ALLISON,<br><br>            Defendant. | Case No.  1:22-cv-00763-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT FOR FALURE TO STATE CLAIM [1]<br><br>(Doc. No. 12)<br><br>FOURTEEN DAY OBJECTION PERIOD |

Before the Court is Plaintiff Chantell Gosztyla's First Amended Complaint subject to screening under 28 U.S.C. § 1915.  (Doc. No. 12 "FAC").  The undersigned recommends that the district court dismiss the FAC because it fails to state a constitutional claim upon which relief can be granted.

**BACKGROUND AND OPERATIVE PLEADING**

Plaintiff is a state prisoner proceeding pro se and *in forma pauperis*.  (Doc. Nos. 6, 12).  Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on June 22, 2022.  (Doc. No. 1, "Complaint").  The undersigned screened Plaintiff's Complaint and found that it failed to state a cognizable claim.  (Doc. No. 9).  Specifically, the Complaint alleged a Fifth

---

[1] The undersigned submits these factual findings and recommendations to the district court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

Amendment due process claim stemming from the confiscation of her JPay tablet. (Doc. No. 1). The Court informed Plaintiff that "[b]ecause California provides a post-deprivation remedy for Plaintiff's claim, Plaintiff cannot prevail on her Fifth Amendment Claim." (Doc. No. 9 at 4:10-11). Plaintiff was given three options: 1) file a first amended complaint which would supersede Plaintiff's initial complaint; (2) file a notice that she intended to stand on her initial complaint subject to the undersigned recommending the district court dismiss for the reasons stated in the October 27, 2022 Screening Order; or (3) because no Defendant had been served, file a notice of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1), which would preclude this action from counting as a strike under the Prison Litigation Reform Act ("PLRA").[2]

Plaintiff timely filed a First Amended Complaint. (Doc. No. 12, "FAC"). The events giving rise to the claim asserted in the FAC occurred at the Central California Women's Facility Sierra Conservation Center. (*Id*. at 1). The FAC identifies Kathleen Allison, the Secretary of CDCR as the sole Defendant. (*Id*. at 4). The FAC essentially re-asserts the same Fifth Amendment due process claiming stemming from the confiscation of Plaintiff's JPay tablet. (*See generally id.*). More specifically, Plaintiff alleges her "right to due process" contrary to "the Taking Clause" was violated when CDCR decided to switch technology contract providers. (*Id*. at 4-5). In 2017, CDCR provided inmates the option to purchase tablets which could be used to communicate with family and friends outside of prison as well as purchase music and games. (*Id.*). Plaintiff purchased a JPay tablet. (*Id*. at 6). In March 2021, CDCR entered into a new contract with Global Tel Link, now known as ViaPath technology. (*Id*. at 5). ViaPath technology operates on a different device, "JVT" instead of JPay. (*Id.*). The new contractor also charges for music streaming and Plaintiff cannot afford the new streaming service. (*Id*. at 6). On May 17, 2022, Warden Pallares issued a memo stating inmates at Central California Women's Facility

---

[2] Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from proceeding *in forma pauperis* in a civil action once they have had on prior occasions three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. *Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020); *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007). Regardless of whether the dismissal was with or without prejudice, a dismissal for failure to state a claim qualifies as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727.

would be allowed to keep their JPay tablets. (*Id*. at 6). On June 9, 2022, CDCR overrode Warden Pallares' decision, and inmates are not permitted to keep their JPay device. (*Id*. at 6). As relief, Plaintiff seeks the return of her JPay device and to be compensated for the costs of the suit. (Id. at 8). Consequently, the Court infers that CDCR took away the JPay tablets from prisoners, including Plaintiff. (*Id*. at 6-7).

## APPLICABLE LAW AND ANALYSIS

### A. Screening Requirement

Plaintiff commenced this action while in prison and is subject to the Prison Litigation Reform Act ("PLRA"), which requires, inter alia, the court to screen any complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A. This requires the Court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the Court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening. This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009*); Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

*Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading could be cured by the allegation of other facts, the pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a pro se litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

### B. Fifth Amendment Due Process

"No person shall be…deprived of life, liberty, or property without due process of law…" U.S. Const. amend. V.  When a prisoner alleges a prison official engaged in an "unauthorized intentional deprivation of property," the prisoner cannot state a constitutional claim if the state provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990).  In California, prisoners seeking return of property can pursue their return pursuant to the California Tort Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff reasserts her Fifth Amendment due process claim stemming from CDCR's policy prohibiting inmates from retaining their JPay tablets.  Because California provides a post-deprivation remedy for Plaintiff's claim, Plaintiff cannot prevail on her Fifth Amendment claim.  Not only must Plaintiff pursue the return of her JPay tablet or reimbursement for its confiscation by filing a claim pursuant to the California Tort Claims Act, but Plaintiff also does not have a fundamental right to possess a particular tablet. *See Atencio v. Allison*, 2021 WL 2982917, at *4 (E.D. Cal. Jul. 15, 2021) ("Plaintiff cannot allege a fundamental right to a particular type of electronic device.") *findings and recommendation adopted by* 2021 WL 4803970 (E.D. Cal. Oct.

14, 2021); *Cerniglia v. Price*, 2017 WL 4865452, at *2-4 (E.D. Cal. Oct. 27, 2017) (finding that a civil detainee did not have a constitutionally protected interest in his laptop which officials confiscated stating, "[n]o Court has found that prisoners have a connotational right to possess personnel computers or items that are similar to personal computers which are capable of accessing the internet in their cells.") (citations omitted). As a result, the FAC fails to state a cognizable claim.

## FINDINGS AND RECOMMENDATION

Based on the above, the undersigned finds Plaintiff's FAC fails to state a cognizable claim. Despite the undersigned warnings in the October 27, 2022 Screening Order, Plaintiff failed to cure the identified deficiencies but instead filed a FAC essentially identical to her initial Complaint. The undersigned warned Plaintiff in the October 27, 2022 Screening Order that she did not have a claim regarding the return of her tablet because California provides a post-deprivation remedy. (*See* Doc. No. 9 at 4). Plaintiff ignored the Court's explanation and reasserted the same Fifth Amendment due process claim. The filing of the same claim demonstrates that Plaintiff cannot cure the deficiencies identified above with a second amended complaint. Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **RECOMMENDED**:

The First Amended Complaint (Doc. No. 12) be dismissed under § 1915A for failure to state a claim.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

5

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE