**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHANTELL GOSZTYLA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00763-JLT-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 14) |

　　　　The Magistrate Judge filed Findings and Recommendations, recommending this action be dismissed because Plaintiff failed to state a claim. (Doc. 14.) Plaintiff filed objections arguing the Defendant did not offer any post-deprivation remedy, which were, essentially, the same arguments made in her first amended complaint. (Doc. 15.)

　　　　Because the state of California provides Plaintiff with a post-deprivation remedy for her claimed loss, Plaintiff cannot prevail on her Fifth Amendment due process claim which stems from the confiscation of her JPay tablet. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990). As the magistrate judge informed Plaintiff in the Findings and Recommendations and in the screening order, Plaintiff must pursue the return of her tablet pursuant to the California Tort Claims Act. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Furthermore, Plaintiff does not have a fundamental right to possess a particular tablet. *See Atencio v. Allison*, 2021 WL 2982917, at *4 (E.D. Cal. Jul.

15, 2021) ("Plaintiff cannot allege a fundamental right to a particular type of electronic device.") *findings and recommendation adopted by* 2021 WL 4803970 (E.D. Cal. Oct. 14, 2021); *Cerniglia v. Price*, 2017 WL 4865452, at *2-4 (E.D. Cal. Oct. 27, 2017) (finding that a civil detainee did not have a constitutionally protected interest in his laptop which officials confiscated stating, "[n]o Court has found that prisoners have a connotational right to possess personnel computers or items that are similar to personal computers which are capable of accessing the internet in their cells.") (citations omitted).

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations, filed on August 21, 2023 (Doc. 14), are **ADOPTED IN FULL**.
2. The Clerk of Court shall terminate any pending motions, close this case, and enter judgment against plaintiff.

IT IS SO ORDERED.

Dated:   **September 7, 2023**

UNITED STATES DISTRICT JUDGE

2